IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEMPSEY KEACH BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-20-0036-JH |
| | ) |
| THE CITY OF DURANT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff has moved to remand this case on the basis that the consent to removal of defendants Rundel and Hitchcock was not reflected either by those defendants joining in the notice of removal or by a separately filed consent, contrary to the "unanimity" requirement of 28 U.S.C. § 1446(b)(2)(A). Defendants contend Rundel and Hitchcock did in fact consent to the removal, that the failure to include any sort of explicit consent was an oversight, and that their motion to supplement or amend the notice of removal resolves any problem.

Some courts have concluded that a defendant's consent must be shown either by that defendant explicitly joining in the notice of removal or by filing a separate explicit consent to the removal. Beasley v. Progressive Northwestern Ins. Co., No. 14-2543, 2015 WL 630566 (D. Kan. Feb. 12, 2015); 511 Couch LLC v. Travelers Prop. Cas. Co. of Am., No. CIV-14-1279, 2015 WL 13567456 (W.D. Okla. Feb. 6, 2015). Others, including the undersigned judge, have concluded that consent may be shown by an explicit representation by the removing defendant that other defendants consent. Bruning v. City of Guthrie, Okla., 101 F.Supp.3d 1142 (W.D. Okla. 2015). However, what defendants seek

here goes a step beyond that. They acknowledge that their consent was not shown in either of those fashions, but that they did in fact want to consent and would have shown the consent but for oversight in the pleadings.

It appears clear enough that defendants did in fact intend to consent to the removal, but the court concludes their effort to document that after the removal period is fatal to the removal. The 30-day period for removal ran on February 10, 2020. The motion to amend the notice of removal was not filed until February 18, 2020, after the time for removal had expired. Permitting a party to amend thereafter would undercut the purpose for having a 30-day time limit and potentially turn any removal situation into one where the determination of consent requires an evidentiary hearing or some similar post-removal determination process. That is not consistent with the statute or the unanimity requirement as it has been applied.

The fact that plaintiff filed an amended complaint in this proceeding after removal does not constitute abandonment of its objection to the removal. Unlike In re Moore, 209 U.S. 490 (1908) and other cases cited by defendants, this is not a situation where plaintiff affirmatively pled or pursued his claim in federal court and then later objected to removal. Rather, the motion to remand raising the pertinent objection had been filed and was pending at the time the amended complaint was filed. The filing of the amended complaint with an objection pending, without more, does not waive or render moot the objection. Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of the removal.").

The court concludes the necessary requirements for removal were not met. Defendant's motion to amend the notice of removal [Doc. #15] is **DENIED**. Plaintiff's motion to stay [Doc. #14] is **STRICKEN as MOOT**. Plaintiff's motion to remand [Doc. #12] is **GRANTED**, and this case is **REMANDED** to the District Court of Bryan County, State of Oklahoma.

**IT IS SO ORDERED**.

Dated this 9th day of June, 2020.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE